UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**LARRY WAYNE WEATHERS**                                    **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 3:13CV-756-S**

**RITE AID PHARMACIES**                                         **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff, Larry Wayne Weathers, *pro se*, filed a 42 U.S.C. § 1983 complaint against Rite Aid Pharmacies. He also filed an application to proceed without prepayment of fees, which has been granted. Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must now undertake a preliminary review of the complaint. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff alleges that on March 1, 2013, his constitutional rights were violated when the manager of a Rite Aid store in Washington County, Kentucky, refused to sell him alcohol, stating that Plaintiff is a known alcoholic. Plaintiff alleges that Rite Aid Pharmacies failed to train its managers, which led to this Fourteenth Amendment violation. He asks for punitive and compensatory damages.

**II. ANALYSIS**

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff cannot properly plead a violation of the Fourteenth Amendment because that Amendment does not apply to a private entity such as Defendant in this action. *See Shelley v. Kraemer*, 334 U.S. 1, 13, 68 (1948). State action is required for Plaintiff to bring these claims, and Plaintiff has not alleged that Defendant is a state actor. The Supreme Court has articulated three tests for determining who are state actors: (1) the nexus test or symbiotic relationship test, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961); (2) the public function test, *Flagg Bros.* v. *Brooks*, 436 U.S. 149, 157 (1978); and (3) the state compulsion test, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970). *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-39 (1982) (for a discussion of the tests); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (same).

Absolutely nothing in the complaint suggests that under any of these tests would Defendant be considered a state actor.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's complaint for failure to state a claim.

Date: October 2, 2013

**Charles R. Simpson III, Senior Judge
United States District Court**

cc: Plaintiff, *pro se*
     Defendant
4411.009